**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PESTMASTER SERVICES, INC., a California Corporation, | No. 14-56294 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-05039-JFW-MRW |
| v. | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted July 8, 2016
Pasadena, California

Before: VANASKIE,[**] MURGUIA, and WATFORD, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

The district court granted summary judgment to Travelers Casualty and Surety Company on the ground that Pestmaster's losses were not covered under its Crime Policy. Pestmaster appeals this decision, alleging coverage under two provisions.

First, Pestmaster argues that the transfer of funds from its bank account to Priority 1's bank account is covered by the Funds Transfer Fraud provision. The district court found that this provision "does not cover authorized or valid electronic transactions . . . even though they are, or may be, associated with a fraudulent scheme." We agree that there is no coverage under this clause when the transfers were expressly authorized.

Second, Pestmaster seeks coverage under the Computer Fraud provision. The Policy defines Computer Fraud as "[t]he use of any computer to fraudulently cause a transfer . . . ." We interpret the phrase "fraudulently cause a transfer" to require an unauthorized transfer of funds. When Priority 1 transferred funds pursuant to authorization from Pestmaster, the transfer was not fraudulently caused. Because computers are used in almost every business transaction, reading this provision to cover all transfers that involve both a computer and fraud at some point in the transaction would convert this Crime Policy into a "General Fraud" Policy. While Travelers could have drafted this language more narrowly, we

believe protection against all fraud is not what was intended by this provision, and not what Pestmaster could reasonably have expected this provision to cover.

We accordingly affirm the district court's decision that no coverage was afforded under the Computer Fraud provision for any transfers to Priority 1 that were authorized by Pestmaster. However, we remand to the district court to determine whether the Computer Fraud provision or the Funds Transfer Fraud provision covers the allegedly *unauthorized* transfers on May 23 and 27, 2011, totaling $11,991.89. Each party to bear their own costs.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED**.